IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LEE DEBERRY,<br><br>Defendant. | CR `19-2-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS |

## I.      Synopsis

Defendant James Lee Deberry (Deberry) has been accused of violating the conditions of his supervised release. (Docs. 32 and 38). Deberry admitted most of the alleged violations. Deberry's supervised release should be revoked.  Deberry should be sentenced to custody for a term of  12 months with no term of supervised release to follow.  This sentence shall run concurrently to the sentence imposed in Cause No. 15-73 and shall run concurrently with the sentence imposed in state court in Cause No. DC-21-2026-39.

**Status**

Deberry pled guilty on April 24, 2019, to the offense of Failure to Register/Update Registration as a Sex Offender, in violation of 18 U.S. C. §§

1153(a), 2244(a)(3) and Count 2: Sexual Abuse of a Minor, in violation of in violation of 18 U.S. C. § 2250(a) as charged in the Indictment. (Doc. 20). Deberry was sentenced to 18 months of custody, followed by five years of supervised release. (Doc. 28). Deberry's current supervised release began on May 23, 2023.

**Petition**

On December 23, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Deberry's supervised release. (Doc. 32). The Petition alleged Deberry violated conditions of his supervised release by: (1) being charged on December 19, 2025, with the felony offense of Strangulation of a Family Member or Partner, in violation of Mont. Code. Ann. § 45-5-215; and (2) being charged on December 19, 2025 with the misdemeanor offense of Family Member or Partner Assault, in violation of Mont. Code Ann. § 45-5-206.

**Amended Petition**

On June 9, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Deberry's supervised release. (Doc. 38). The Amended Petition alleged Deberry additionally violated conditions of his supervised release by: (3) being convicted on June 1, 2026, of the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont. Code. Ann. § 45-9-102. The Amended Petition further noted that on June 1, 2025, Deberry was convicted of the felony offense of Strangulation of a Family Member or Partner, in violation of Mont.

Code. Ann. § 45-5-215,  and  that the charge of Family Member or Partner Assault, in violation of Mont. Code Ann. § 45-5-206, was dismissed

**Initial Appearance**

Deberry appeared before the Court on June 24, 2026.  Deberry was represented by counsel.  Deberry stated that he had read the Amended Petition and that he understood the allegations against him.  Deberry waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Deberry appeared before the Court on June 24, 2026.  Deberry admitted that he had violated the conditions of supervised release as set forth as allegations 1 and 3 of the Amended Petition. The Government moved to dismiss allegation 2, which the Court granted. Deberry's admitted violations, 1 and 3,  are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Deberry appeared before the Court on June 24, 2026. Deberry's violations are Grade A.  His criminal history category is  IV.  Deberry's underlying offense is a Class C felony,  Deberry could be incarcerated for up to 24 months . Deberry could be ordered to remain on supervised release for 36 months less any custody time

imposed.  The United States Sentencing Guidelines call for a term of custody of 24-30 months.

## II.      Analysis

Pursuant to 18 U.S.C § 3583(e)(3),  Deberry's supervised release should be revoked.  Deberry should be sentenced to custody for a term of  12 months with no term of supervised release to follow.  This sentence shall run concurrently to the sentence imposed in Cause No. 15-73 and shall run concurrently with the sentence imposed in state court in Cause No. DC-21-2026-39. This sentence is sufficient but not greater than necessary.

## III.      Conclusion

The Court informed Deberry that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Deberry of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Deberry that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That JAMES LEE DEBERRY has violated the conditions of his supervised release by: (1) being convicted on June 1, 2026,  of the felony offense of Strangulation of a Family Member or Partner, in violation of Mont. Code. Ann. § 45-5-215 and (3) being convicted on

June 1, 2026, of the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont. Code. Ann. § 45-9-102.

The Court **RECOMMENDS:**

That the District Court revoke Deberry's supervised release and sentence Deberry to custody for a term of custody 12 months, with no term of  supervised release to follow.  This sentence shall run concurrently to the sentence imposed in Cause No. 15-73 and shall run concurrently with the sentence imposed in state court in Cause No. DC-21-2026-39.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 25th day June 2026.

John Johnston
United States Magistrate Judge